**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Deutsche Bank, | No. 11-CV-0944-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. |  |
| Vladimir Brunat, Dagmar Brunat, John Does I-X, John Doe Occupant 1-5, and Jane Doe Occupant 1-5, |  |
| Defendants. |  |

Pending before the Court is a Motion to Remand to state court filed by Plaintiff Deutsche Bank. (Doc. 6). For the reasons stated below, the Court grants the motion.

**BACKGROUND**

On or about April 12, 2011, Plaintiff filed an action in state court for Forcible Entry and Detainer ("FED") after a Trustee's Sale pursuant to Arizona Revised Statute § 12-1173.01, *et seq*. (Doc. 1-1). The Complaint alleges that following a non-judicial foreclosure, on November 2, 2009, Plaintiff obtained title to the property located at 30507 N. 164th St., Scottsdale, Arizona 85262. (*Id*. at ¶ 2). Plaintiff further alleges that despite giving written notice to vacate to Defendants, who were the prior owners and occupants of the property, Defendants have either failed or refused to surrender possession of the property. (*Id*. at ¶¶ 4–5). Plaintiff seeks to recover possession of the real property through the present forcible detainer action.

In an earlier related case, filed before Judge Martone in this Court in August 2009, the

Brunats commenced action against Plaintiff and others challenging their security interest in the property under the Truth in Lending Act and Arizona state law governing notice of trustee's sales. *See Brunat v. IndyMac, et al.*, CV-09-1796-PHX-FJM. On April 6, 2011, Judge Martone granted defendants' motion for summary judgment on all claims in that case and judgment was entered in favor of defendants on the same day. The Brunats appeal on that summary judgment order is currently pending before the Ninth Circuit.

Defendants removed this case to federal court on or about May 11, 2011 based on diversity jurisdiction, (Doc. 1), and soon thereafter sought to consolidate this matter with *Brunat v. IndyMac, et al.* (Doc. 5). After it was determined that the two cases do not share a common question of law or fact, the motion to consolidate was denied on July 14, 2011. *See Brunat v. IndyMac, et al.*, CV-09-1796-PHX-FJM, Doc. 69. Plaintiff presently seeks to remand to state court due to improper removal. (Doc. 6).

**DISCUSSION**

**I.    Legal Standard**

"Under 28 U.S.C. § 1441(a), the district courts have removal jurisdiction over any claim that could have been brought in federal court originally." *Hall v. N. Am. Van Lines, Inc.,* 476 F.3d 683, 686–87 (9th Cir. 2007). The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). The removal statute is strictly construed against removal jurisdiction. *Id.* (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988)). There is a "strong presumption" *against* removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Id.* (emphasis added). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

**II.    Analysis**

Defendants removed the present case to federal court based upon diversity jurisdiction. (Doc. 1). They asserted that because the Defendants are residents of Maricopa County, Arizona and Plaintiff is a New York corporation with its principal executive office

in New York, there is complete diversity of citizenship and therefore removal is proper pursuant to 28 U.S.C. § 1332(a) and (c)(1). To the extent that the Notice of Removal purports to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, the requirements for diversity jurisdiction are not satisfied. In order to invoke the Court's diversity jurisdiction, Defendants must show both that they and Plaintiff are not residents of the same state, and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction). In addition, even where there is diversity between the parties, a federal court may not exercise jurisdiction where the moving defendant is a resident of the forum state. 28 U.S.C. § 1441(b). Here, the Court need not decide whether there is diversity between the parties or whether the amount in controversy requirement is met as Defendants concede that they are residents of Arizona and that they reside at the property at issue in this action (located in Maricopa County, Arizona); thus, they are clearly forum defendants who may not remove a state-court action. *See id.*

Further, in response to Plaintiff's motion to remand, Defendants make no mention of their diversity-based arguments – the sole basis asserted in their Notice of Removal – and instead assert that the Court should exercise supplemental question jurisdiction based on the federal question (i.e., Truth in Lending Act) presented in *Brunat v. IndyMac, et al.*, which is currently on appeal. Defendants' assertion that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1441(c) because of the federal question of law on appeal in the related case is without merit. Section 1441(c) provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." However, Defendants concede that "the present action is not presently joined with any nonremovable action before this court but contend[] Plaintiff's action should have been compulsory joined" with *Brunat v. IndyMac, et al.* (Doc. 9 at 4). To this end, Defendants attempted to consolidate this matter with the related case, which did involve a federal question. Nevertheless, their Motion to

Consolidate was denied after determination that the two cases did not share a common question of law or fact pursuant to Federal Rule of Civil Procedure 42(a). *See Brunat v. IndyMac, et al.*, CV-09-1796-PHX-FJM, Doc. 69.

In furtherance of their effort to assert supplemental jurisdiction, Defendants also rely on 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." However, the Court lacks original jurisdiction in this matter. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "'arises under' federal law . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor. v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). This is a straightforward forcible detainer, otherwise known as an eviction action. The only issue in a forcible entry and detainer action is the right of actual possession – the merits of the title are not litigated. A.R.S. § 12-1177(a); *Curtis v. Morris*, 186 Ariz. 534, 535, 925 P.2d 259, 260 (1996). Accordingly, the Court lacks original jurisdiction, and therefore supplemental jurisdiction as well.

Plaintiff seeks attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), which provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Plaintiff asserts that because Defendants' removal has no basis in law or fact, and because "Plaintiff has expended time, money and legal resources in battling this frivolous removal," attorneys' fees and costs are merited. (Doc. 6 at 4–5). The Court is persuaded that Defendants' removal was frivolous. Defendants improperly removed on the basis of diversity jurisdiction, apparently in a misguided effort to move for consolidation with the related matter that was then before the Ninth Circuit. If it is Defendants' intention to forestall

eviction pending their appeal in the related matter, their efforts must be made in state court. Based on the foregoing considerations, the Court, in its discretion, finds Defendants' removal sufficiently frivolous as to merit the award of fees. Plaintiff's request for attorneys' fees and costs is granted.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees is **GRANTED**. The Court will grant reasonable attorneys' fees and costs upon compliance with Federal Rule of Civil Procedure 54(d).

**IT IS FURTHER ORDERED** directing the Clerk of the Court to remand this case to the Maricopa County Superior Court.

DATED this 31st day of August, 2011.

_A. Murray Snow_
G. Murray Snow
United States District Judge